# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| WILLIAM CUMMINGS, | : | CIVIL ACTION |
| --- | --- | --- |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| JEFFREY BEARD, | : | |
| Secretary of Corrections, *et al.*, | : | |
| Defendants. | : | No. 09-4033 |

## O R D E R

**AND NOW**, this 25th day of January, 2011, having considered the Petition for Writ of *Habeas Corpus* filed by Plaintiff William Cummings (Docket No. 1), U.S. Magistrate Judge Elizabeth Hey's Report & Recommendations (Docket No. 14), and Mr. Cummings' Objections thereto (Docket No. 15), it is hereby **ORDERED** that:

1.  The Report & Recommendations are **APPROVED** and **ADOPTED**.

2.  Mr. Cummings' Objections are **OVERRULED**.[1]

3.  Mr. Cummings' Petition is **DISMISSED** without prejudice to Mr. Cummings'

---

[1] Exhaustion requires that petitioner give the state courts an opportunity to review his allegations before seeking relief in the federal court. *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (*citing Duncan v. Henry*, 513 U.S. 364, 365 (1995)). As Magistrate Judge Hey has explained, Mr. Cummings had not exhausted his Pennsylvania state court remedies when he filed his petition in this case.

In his Objections to the Report & Recommendation, Mr. Cummings asserts (although without supplying any documentary support) that "since this petition has been filed, the Pennsylvania Superior Court has 'quashed' [his] ... appeal." The Court shall interpret this claim as a suggestion that Mr. Cummings may have exhausted his state remedies in the time since Magistrate Judge Hey filed her Report & Recommendation. On this basis, Mr. Cummings moves, "in the interest of judicial economy," to be allowed to amend his petition so that he might avoid dismissal.

However, "in evaluating whether a petitioner has exhausted available state remedies, a court must consider the remedies available *at the time the petition was filed*." *Riley v. Owens*, 1987 U.S. Dist. LEXIS 9444, *4 (E.D.Pa. 1987) (emphasis added) (*citing Santana v. Fenton*, 685 F.2d 71, 77 (3d Cir. 1982)). Magistrate Judge Hey's finding regarding exhaustion is thus as valid as it would be if Mr. Cummings' state remedies have, in fact, been exhausted during the time since his petition was filed or even since the Report & Recommendation was written and entered.

Magistrate Judge Hey has noted that given the timeline of Mr. Cummings' case, there is little concern that a subsequent *habeas* petition would be untimely in federal court. Thus, this Court will not exercise its discretion to stay this matter pursuant to *Heleva v. Brooks*, 581 F.3d 187 (3d Cir. 2009).

ability to seek *habeas* relief once he has exhausted his state court remedies.

4. There is no probable cause to issue a certificate of appealability.[2]

5. The Clerk of Court shall mark this case **CLOSED** for all purposes, including statistics.

BY THE COURT:


S/Gene E.K. Pratter
GENE E.K. PRATTER
UNITED STATES DISTRICT JUDGE

---

[2] A certificate of appealability may issue only upon "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A petitioner must "demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Lambert v. Blackwell*, 387 F.3d 210, 230 (3d Cir. 2004). There is no probable cause to issue a certificate in this action.